UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION



ILED BY:_____D.C.

2005 FEB -9  PM 3: 56

Case No.:

DON KING PRODUCTIONS, INC.
and DON KING,

## 05-60210

Plaintiffs,

<u>**NOTICE OF REMOVAL**</u>

vs.

CIV·ALTONAGA

WALT DISNEY COMPANY, INC.,
ABC CABLE NETWORKS,
ESPN, INC. and
ADVOCATE COMMUNICATIONS, INC.
(d/b/a ADVANCED CABLE COMMUNICATIONS),

MAGISTRATE JUDGE
BANDSTRA

Defendants.

_____/

   Defendants The Walt Disney Company[1] ("Disney"), ABC Cable Networks

Group[2] ("ABC Cable"), ESPN, Inc. ("ESPN") and Advocate Communications, Inc. d/b/a

Advanced Cable Communications ("Advocate") (collectively, "Defendants") file this Notice of

Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and signed pursuant to Federal Rule of Civil

Procedure 11. In support hereof, Defendants state:

   1.   On January 12, 2005, Plaintiffs Don King Productions, Inc. ("DKP") and Don

King (collectively, "Plaintiffs") filed a complaint, styled *Don King Productions, Inc. and Don*

*King v. Walt Disney Company, Inc., ABC Cable Networks, ESPN, Inc. and Advocate*

*Communications (d/b/a Advanced Cable Communications)*, Case No. 05000524-02, in the

---

[1]   The Complaint names "Walt Disney Company, Inc."  The correct company name is The Walt
Disney Company.

[2]   The Complaint names "ABC Cable Networks."  The correct company name is ABC Cable
Networks Group.  The Complaint also incorrectly alleges that ESPN is a subsidiary of ABC Cable.
Process has not properly been served on ABC Cable in this matter, and ABC Cable specifically reserves
its right to assert any and all defenses based on improper service of process.  ABC Cable nonetheless
joins in this Notice.



Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida (the "Complaint"). The summons and complaint were served on Advocate on January 20, 2005, and on Disney and ESPN on January 21, 2005.  ABC Cable was sent a copy of the summons and complaint by regular mail.

2.     The two-count Complaint alleges that Don King was defamed and cast in a false light by statements made during the ESPN television program *Sports Century* that aired on May 14, 2004.  The Complaint is attached to this Notice as Exhibit A.  All process, and attempted process, served on and/or received by Defendants is attached to this Notice as Exhibit B.  A DVD copy of the *Sports Century* television program is included with this Notice as Exhibit C.

3.     According to the Complaint and based on information and belief, Don King, both at the time of the filing of the Complaint and at present, is a resident of Florida.

4.     Disney, both at the time of the filing of the Complaint and at present, is a Delaware corporation with its principal place of business in California.

5.     ABC Cable, both at the time of the filing of the Complaint and at present, is a California corporation with its principal place of business in California.

6.     ESPN, both at the time of the filing of the Complaint and at present, is a Delaware corporation with its principal place of business in Connecticut.

7.     Advocate, both at the time of the filing of the Complaint and at present, is an Indiana corporation with its principal place of business in Kentucky.  Plaintiffs' allegation in

Paragraph 6 of the Complaint that Advocate is "organized and existing under the laws of the State of Florida, with its principal place of business in Florida" is not correct.[3]

8.      According to a press release Plaintiffs issued contemporaneously with the filing of the Complaint, Plaintiffs seek damages in excess of $2,500,000,000, which is consistent with the allegation in the Complaint that Plaintiffs' damages exceed $15,000.  See Complaint ¶ 1. A copy of the press release is attached to this Notice as Exhibit D.

9.      Don King has fraudulently joined claims by DKP, which, according to the Complaint, is a Delaware corporation, in an obvious effort to defeat this Court's diversity jurisdiction as to Disney and ESPN, both of which are Delaware corporations.  All of the statements upon which Plaintiffs sue in Count I are about Don King personally; none of them identifies or involves DKP.[4]  Review of the *Sports Century* program reveals that its focus throughout is on the character of Don King.  DKP is not a proper plaintiff in this action.

10.     Based on the foregoing allegations, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Don King, at the time of filing the Complaint and at present, is a citizen of a different State than Disney, ABC Cable, ESPN, and Advocate, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  The citizenship of DKP is irrelevant because DKP's claims against all Defendants have been fraudulently joined solely to defeat diversity.  Removal of this case to this Court is proper

---

[3]     In addition, Advocate has been fraudulently joined as a party to this lawsuit because (1) the Complaint fails to allege that Advocate participated in any way in the creation of the *Sports Century* program, *see, e.g., Medical Laboratory Management Consultants v. ABC*, 931 F.Supp. 1487 (D. Ariz. 1996) (denying motion for remand, finding local ABC affiliate fraudulently joined, and dismissing all claims against local affiliate in suit based on a report on ABC's *Primetime Live* because affiliate "played no part in the planning, recording, production or editing of the broadcast at issue" and was no more than a mere conduit for the national feed) and (2) the Complaint fails to allege that Advocate acted with actual malice, as required by constitutional standards, *see, e.g., Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974).

[4]     Count II, the false light invasion of privacy claim, is brought only by Don King, not by DKP.

pursuant to the provisions of 28 U.S.C. § 1441 because none of the parties properly joined and

served as defendants is a citizen of Florida, and removal is effectuated by the procedure set forth

in 28 U.S.C. § 1446.

WHEREFORE, Defendants request that this action be removed from the Circuit

Court for the 17th Judicial Circuit in and for Broward County, Florida to the United States

District Court for the Southern District of Florida, Ft. Lauderdale Division.

Dated: February 9, 2005
Miami, Florida

Respectfully submitted,

Christopher R.J. Pace (FBN 0721166)
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, 12th Floor
Miami, Florida  33131
Telephone: 305.577.3100
Facsimile: 305.374.7159

James W. Quinn
R. Bruce Rich
David J. Lender
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8153
Facsimile: (212) 310-8007

Attorneys for Defendants

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was served by United States mail this Ninth day of February, 2005 on Bruce S. Rogow, Esq., Bruce Rogow, P.A., Broward Financial Centre, 500 E. Broward Boulevard, Suite 1930, Ft. Lauderdale, Florida, 33394, and Willie E. Gary, Esq., Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, P.L., 221 E. Osceola Street, Stuart, Florida, 34994.

Christopher R.J. Pace (FBN 0721166)
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, 12th Floor
Miami, Florida  33131
Telephone: 305.577.3100
Facsimile: 305.374.7159

# EXHIBIT A

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DON KING PRODUCTIONS, INC.,
and DON KING,

       Plaintiffs,

vs.

WALT DISNEY COMPANY, INC.,
ABC CABLE NETWORKS, ESPN, INC., and
ADVOCATE COMMUNICATIONS, INC.,
(d/b/a ADVANCED CABLE COMMUNICATIONS),

       Defendants.

_____/

CASE NO. 05000524 02

1-20-05
8.25AM
0R 477

**STATE SERVICE**

## SUMMONS

TO:   **ADVOCATE COMMUNICATIONS, INC.**
      **d/b/a ADVANCED CABLE COMMUNICATIONS**
      **c/o JAMES J. PAGANO**
      **12409 N.W. 35ᵗʰ Street**
      **Coral Springs, Florida 33065**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you
to file a written response to the attached complaint with the clerk of this court. A phone call will not
protect you. Your written response, including the case number given above and the names of the
parties, must be filed if you want the court to hear your side of the case. If you do not file your
response on time, you may lose the case, and your wages, money, and property may thereafter be
taken without further warning from the court. There are other legal requirements. You may want to
call an attorney right away. If you do not know an attorney, you may call an attorney referral service
or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to
the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's
Attorney" named below.

1



<u>Bruce S. Rogow, Esq.</u>
Plaintiffs' Attorney
Bruce Rogow, P.A.
Broward Financial Centre, Suite 1930
500 East Broward Blvd.
Ft. Lauderdale, Florida 33394
Florida Bar No. 067999

**THE STATE OF FLORIDA:**

**TO EACH SHERIFF OF THE STATE:**

    YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on the above named defendant:

    DATED on _____JAN 1 3 2005_____, 2005.    **HOWARD C. FORMAN**

                                        CLERK OF THE SAID COURT

(SEAL)                      ~~DOROTHY H. WILKEN~~
                      As Clerk of the Court

                      By:   **BEVERLY WASHINGTON**
                            As Deputy Clerk

                              **TRUE COPY**
                              Circuit Civil

2

<u>CIVIL COVER SHEET</u>

The Civil Cover Sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law! This form is required for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes § 25.075.

I.     CASE STYLE:

Circuit Court, Broward County, Florida

05000524

Don King Productions, Inc.,
and Don King,

CASE NO._____
JUDGE:_____

02

          Plaintiffs,

vs.

Walt Disney Company Inc., ABC Cable
Networks, ESPN, Inc., and Advocate
Communications, Inc., (d/b/a Advanced
Cable Communications),

JAN 1 2 2005

          Defendants.

II     TYPE OF CASE:        (Place "X" in one box only.  If the case fits more than one type of case, select the most definitive)

<u>Domestic Relations</u>

____ Simplified Dissolution
____ Dissolution
____ Support - IY-D
____ Support - Non - IY-D
____ URESA - IV-D
____ URESA - Non IY-D
____ Domestic Violence
____ Other Domestic Violence

<u>Torts</u>

____ Professional Torts
____ Products Liability
____ Auto Negligence
____ Other Negligence

<u>Other Civil</u>

____ Contracts
____ Condominium
____ Real Property/
          Mortgage
. Foreclosure
____ Eminent Domain
__X__ Other

III     Is Jury Trial Demanded in Complaint?

_X_ Yes
____ No

DATE: January 12, 2005

SIGNATURE OF ATTORNEY FOR PARTY INITIATING ACTION

BRUCE S. ROGOW               and
Florida Bar No. 067999
CYNTHIA E. HOLLIFIELD
Florida Bar No. 0554812
BRUCE S. ROGOW, P.A.
Broward Financial Centre, Suite 1930
500 East Broward Blvd.
Ft. Lauderdale, FL 33394
Ph:     954. 767.8909
Fax:    954. 764.1530
E-mail: bapohl@bellsouth.net

WILLIE E. GARY
Fla. Bar No. 187843
GARY, WILLIAMS, PARENTI,
FINNEY, LEWIS, MCMANUS,
WATSON & SPERANDO, P.L.
221 E. Osceola Street
Stuart, FL 34994
Ph:     772.283.8260
Fax:    772.463.4319

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DON KING PRODUCTIONS, INC.,
and DON KING,

        Plaintiffs,

vs.

WALT DISNEY COMPANY, INC.,
ABC CABLE NETWORKS, ESPN, INC., and
ADVOCATE COMMUNICATIONS, INC.,
(d/b/a ADVANCED CABLE COMMUNICATIONS),

        Defendants.

CASE NO. _____

05000524

A TRUE COPY
HOWARD C. FORMAN
CLERK OF CIRCUIT COURT

02

JAN 12 2005

_____/

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

    Plaintiffs, DON KING PRODUCTIONS, INC., and DON KING, individually, sue

Defendants, WALT DISNEY COMPANY, INC., ABC CABLE NETWORKS, ESPN, INC., and

ADVOCATE COMMUNICATIONS, INC. (d/b/a ADVANCED CABLE COMMUNICATIONS),

and allege:

    1.     This is an action for damages that exceed $15,000.00.

    2.     At all times material, Plaintiff DON KING PRODUCTIONS, INC., was a

corporation organized and existing under the laws of the State of Delaware, with its principal place

of business located at 501 Fairway Drive in the City of Deerfield Beach, Florida.

1

3.    Plaintiff DON KING is a resident of Palm Beach County, Florida. KING is the Chief Executive Officer of DON KING PRODUCTIONS, INC.

4.    Upon information and belief, WALT DISNEY COMPANY, INC., is a Delaware corporation, having its principal place of business at 500 South Buena Vista Street, Burbank, California 91521.    WALT DISNEY COMPANY, INC., owns and controls ABC CABLE NETWORKS, which is a California corporation, located and doing business at 3800 W. Alameda Avenue, Burbank, California 91505. ABC CABLE NETWORKS, upon information and belief, is a wholly owned subsidiary of WALT DISNEY COMPANY, INC.

5.    ABC CABLE NETWORKS owns and controls ESPN, INC., a sports network, which is a Delaware corporation, located and doing business at 935 Middle Street, Bristol, Connecticut 06010. As such, ESPN, INC., is a wholly owned subsidiary of ABC CABLE NETWORKS.

6.    ADVOCATE COMMUNICATIONS, INC., is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Broward County, Florida.

7.    ADVOCATE COMMUNICATIONS, INC., is a cable and satellite system that broadcasts ESPN through its cable television service to residents in Coral Springs, Florida.

2

## COUNT I

## DEFAMATION

8.      Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 –

7 above.

9.      The Defendants, on May 14, 2004, with malice and/or reckless disregard for the

truth, published the following false and defamatory statements about DON KING and DON KING

PRODUCTIONS, INC., on the program *Sports Century:*

    (a)    That DON KING is a "snake oil salesman, a shameless huckster and worse. Not

        even the master of hype, P.T. Barnum, had more mischief up his sleeve than fight

        promoter DON KING . . . .";

    (b)    That DON KING "went crazy and he threatened to kill . . . ." Jack Newfield

        following a press conference;

    (c)    That DON KING threatened to break the legs of Larry Holmes, one of King's

        fighters;

    (d)    That DON KING paid Holmes $20,000.00 less than the monetary amount Holmes

        was entitled to receive;

    (e)    That DON KING cheated Meldrick Taylor, another fighter, by only paying Taylor

        $300,000.00 of the $1,300,000.00 Taylor was entitled to receive for a rematch with

        Julio Cesar Chavez pursuant to contract;

    (f)    That DON KING threatened to have Meldrick Taylor killed;

    (g)    That DON KING's involvement with a charity boxing exhibition for Forrest City

        Hospital resulted in the hospital only receiving $1,500.00 out of the $85,000.00

        received in ticket sales;

3

(h)    That DON KING underpaid Muhammad Ali by $1,200,000.00;

(i)    That DON KING lied in order to ensure Greg Page would sign a contractual agreement with King as his promoter by telling Page that prior to his father's death he told King "I want to leave Greg in your hands, Don";

(j)    That DON KING convinced doctors at a hospital to invest in a movie about his life and that King left the hospital two weeks later "with a cashiers check for $250,000.00." Although "[T]he movie never got made" .... [T]he doctors never got their money back."

10.    The published statements set forth above were false, defamatory, published maliciously and/or with reckless disregard for the truth. Their further broadcast by ADVOCATE COMMUNICATIONS, INC. is actionable because ADVOCATE COMMUNICATIONS, INC., failed to exercise due care to prevent the false and defamatory publication of the statements set forth above. As a result, DON KING and DON KING PRODUCTIONS, INC.'s business reputation has been injured and the Plaintiffs have lost contracts, financing opportunities, job opportunities, suffered delay in obtaining job opportunities and have been deprived of profits that would have otherwise been obtainable.

11.    In December 2004, Plaintiffs served Defendants with written notices pursuant to Section 770.01 of the Florida Statutes, specifying the statements that were false and defamatory and demanding corrections and a retraction of the above described statements. Defendants have failed to publish corrections and a retraction as of the date of the filing of this Complaint.

4

12.    As a direct and proximate result of the publication of the falsehoods set forth above, the Plaintiffs, DON KING and DON KING PRODUCTIONS, INC., have suffered damages to their reputation and business interests.

WHEREFORE, Plaintiffs request judgment for damages and costs and for such other and further relief as may be just and proper.

**COUNT II**

**DON KING'S FALSE LIGHT INVASION OF PRIVACY**

13.    Plaintiff, DON KING, hereby incorporates by reference the allegations set forth in paragraphs 1 – 7 above.

14.    The Defendants, on May 14, 2004, on *Sports Century*, published statements that intentionally and recklessly portrayed DON KING in a false light by stating that KING "killed not once but twice"; that he "hunted down" a man and "beat him to death over $600.00"; and that the "United States Attorney's office in New York tried for years to nail King, spent millions of dollars investigating him. They couldn't nail him. He is smarter than everybody else. He's smarter than the prosecutors. He was smarter than Rudy Giuliani."

15.    The publication of the facts set forth in paragraph 14 and paragraph 16 below was done with actual knowledge of the false light in which DON KING would be cast and with reckless disregard for the effect the publication would have. ADVOCATE COMMUNICATIONS, INC., failed to exercise due care to prevent the publication of the false light statements.

16.    The Defendants, on May 14, 2004, on *Sports Century*, published statements that intentionally and recklessly portrayed DON KING in a false light by creating an inference and innuendo that DON KING was dishonest and engaged in illegal activities including physically

5

endangering others in order to succeed in his profession.  These published statements include:

- Lou Dibella:  "by his con."

- Mike Marley:  "this guy could sell surfboards in Iowa. . . ." "he's one of the greatest hustlers in the history of the world."

- Don Elbaum:  "We put together four fighters to box ten rounds in an exhibition.  We did $85,000 which was a tremendous amount of money for an exhibition.  The hospital got $1,500 out of $85,000.

- Warren Flagg:  "Don didn't get convicted because Don didn't personally do that stuff.  He always instructed somebody else to do it."

- Unidentified Male:  "If the partnership gleaned hundreds of millions over the next decade, the split was less than even."

- Unidentified Male:  "Giachetti told me he was calling from a phone booth on the corner, and that he was afraid for his life.  He truly believed Don King, through underworld connections, had put out a contract."

- Clarence Rodgers:  "one time a fighter challenged Don to a fight, and Don stood up and was prepared to do it.  And then I think in the back of this fighter's mind . . . hey, this man killed somebody, so maybe I better leave him alone."

- Unidentified Male:  "Don King killed not once, but twice.  In 1954 it was ruled justifiable homicide when he shot a man who stole the receipts of one of his numbers houses.  But 12 years later, when the 34 year old was involved in a second killing, he would face serious consequences."

  "King believed Sam Garrett owed him $600.  King hunted Garrett down in a bar on Cedar Avenue in the middle of the day.  He pulled Garrett out of the bar and beat him to death."

6

As a direct and proximate result of the statements set forth in paragraphs 14 and 16 above, DON KING was cast in a false light and has suffered damage to his right to privacy and his reputation in the community.

WHEREFORE, Plaintiff DON KING requests judgment for damages, costs and for such other and further relief as may be just and proper.

## REQUESTED RELIEF

(a)   For judgment against the Defendants on Count I of Plaintiffs' DON KING and DON KING PRODUCTION, INC.'s Complaint for compensatory and all other damages recoverable by law;

(b)   For judgment against the Defendants on Count II of Plaintiff DON KING's Complaint for compensatory and all other damages recoverable by law;

(c)   That all costs of this action be taxed against the Defendants;

(d)   For pre-judgment interest; and

(e)   Jury trial is demanded.

7

BRUCE S. ROGOW
Fla. Bar No. 067999
CYNTHIA E. HOLLIFIELD
Fla. Bar No. 0554812
BRUCE S. ROGOW, P.A.
Broward Financial Centre
Suite 1930
500 East Broward Boulevard
Fort Lauderdale, Florida 33394
Ph:     954.767.8909
Fax:   954.764.1530
e-mail: bapohl@bellsouth.net
            and
WILLIE E. GARY
Fla. Bar No. 187843
GARY, WILLIAMS, PARENTI,
FINNEY, LEWIS, MCMANUS,
WATSON & SPERANDO, P.L.
221 E. Osceola Street
Stuart, Florida 34994
Ph:     772.283.8260
Fax:   772.463.4319

By: _____
BRUCE ROGOW

Counsel for Plaintiffs

8

# EXHIBIT B

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DON KING PRODUCTIONS, INC.,                    CASE NO. 05000524 02
and DON KING,

     Plaintiffs,

vs.

WALT DISNEY COMPANY, INC.,
ABC CABLE NETWORKS, ESPN, INC., and
ADVOCATE COMMUNICATIONS, INC.,
(d/b/a ADVANCED CABLE COMMUNICATIONS),

     Defendants.

_____/

## SUMMONS

TO:   **WALT DISNEY COMPANY, INC.**
**c/o THE CORPORATION TRUST COMPANY**
**Corporation Trust Center**
**1209 Orange Street**
**Wilmington, DE 19801**

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

1

**Bruce S. Rogow, Esq.**
Plaintiffs' Attorney
Bruce Rogow, P.A.
Broward Financial Centre, Suite 1930
500 East Broward Blvd.
Ft. Lauderdale, Florida 33394
Florida Bar No. 067999

**THE STATE OF FLORIDA:**

**TO EACH SHERIFF OF THE STATE:**

. YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on the above named defendant:

DATED on _____ **JAN 1 3 2005** ____, 2005.     **HOWARD C. FORMAN**

CLERK OF THE SAID COURT

(SEAL)

~~DOROTHY~~ ████████
As Clerk of the Court

By ████████████
As Deputy Clerk

2

## ꓦ   IFIED RETURN OF SERVICE

| | |
|---|---|
| sirri name of court, judicial district or branch court, if any:<br>Circuit Court of the 17th Judicial Circuit, Broward County Florida | |
| DEPOSITION/COURT DATE: | CASE NUMBER:<br>05-524-02 |

PLAINTIFF/PETITIONER:
Don King Productions, Inc. and Don King

DEFENDANT/RESPONDENT:
Walt Disney Company, Inc,. et al

DOCUMENTS SERVED:
20 Day Summons, Complaint for Damages and Demand for Jury Trial

Received on 01/18/2005 at 4:00 PM to be served on:

Walt Disney Company, Inc. c/o The Corporation Trust Company

I do hereby affirm that on __1/21/05__ at __10:55am__ I served this process by:

X̲ CORPORATE SERVICE: By leaving a true copy of this process with the date and hour of service endorsed thereon by me, a copy of the complaint, petition, or other initial pleading or paper (if any) and informing the person of the contents:

NAME: __BRIAN PENROD__        TITLE: __PROCESS AGENT__

__ OTHER: By delivering a true copy of this process to _____ and informing him/her of the contents.

__ NON-SERVICE: For the reason(s) listed in the comments below:

| LOCATION OF SERVICE:<br><br>1209 Orange Street<br>Wilmington, DE 19801 | FOR(Client):<br>Bruce S. Rogow, Esq.<br>Bruce S. Rogow, P.A.<br>500 East Broward Boulevard, Suite 1930<br>Fort Lauderdale, FL  33394<br>954-767-8909 |
|---|---|
| COMMENTS: | |
| AUTHORIZATION: | |
| DECLARATION:<br><br>*UNDER PENALTIES OF PERJURY I DECLARE THAT I HAVE READ THE FOREGOING VERIFIED RETURN OF SERVICE AND THAT THE FACTS STATED IN IT ARE TRUE.*<br><br>NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525(2). | SIGNATURE:<br><br>X _____<br>BARRY EVELAND<br>(Print Name)<br><br>State Service Corporation<br>4030 Powerline Rd.<br>Ft. Lauderdale, FL  33309<br>OUR FILE#: 58580 |

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DON KING PRODUCTIONS, INC.,                    CASE NO. 05000524 02
and DON KING,

       Plaintiffs,

vs.

WALT DISNEY COMPANY, INC.,
ABC CABLE NETWORKS, ESPN, INC., and
ADVOCATE COMMUNICATIONS, INC.,
(d/b/a ADVANCED CABLE COMMUNICATIONS),

       Defendants.
_____/

# SUMMONS

TO:  **ESPN, INC.**
     **c/o THE CORPORATION TRUST COMPANY**
     **Corporation Trust Center**
     **1209 Orange Street**
     **Wilmington, DE 19801**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.



1

**Bruce S. Rogow, Esq.**
Plaintiffs' Attorney
Bruce Rogow, P.A.
Broward Financial Centre, Suite 1930
500 East Broward Blvd.
Ft. Lauderdale, Florida 33394
Florida Bar No. 067999

**THE STATE OF FLORIDA:**

**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on the above named defendant:

DATED on _____ JAN 1 9 2005 _____, 2005.

HOWARD C. FORMAN
CLERK OF THE SAID COURT

(SEAL)

2

# V   IFIED RETURN OF SERVICE

| | |
|---|---|
| start name of court, judicial district or branch court, if any:<br>Circuit Court of the 17th Judicial Circuit, Broward County Florida | |
| DEPOSITION/COURT DATE: | CASE NUMBER:<br>05-524-02 |
| PLAINTIFF/PETITIONER:<br>Don King Productions, Inc. and Don King | |
| DEFENDANT/RESPONDENT:<br>Walt Disney Company, Inc., et al | |
| DOCUMENTS SERVED:<br>20 Day Summons, Complaint for Damages and Demand for Jury Trial | |

Received on 01/18/2005 at 4:00 PM to be served on:

ESPN, Inc. c/o The Corporation Trust Company

I do hereby affirm that on __1/21/05__ at __10:55am__ I served this process by:

X CORPORATE SERVICE: By leaving a true copy of this process with the date and hour of service endorsed thereon by me, a copy of the complaint, petition, or other initial pleading or paper (if any) and informing the person of the contents.

NAME: __BRIAN PENROD__    TITLE: __PROCESS AGENT__

__ OTHER: By delivering a true copy of this process to _____, _____ and informing him/her of the contents.

__ NON-SERVICE: For the reason(s) listed in the comments below:

| | |
|---|---|
| LOCATION OF SERVICE:<br><br>209 Orange Street<br>Wilmington, DE 19801 | FOR(Client):<br>Bruce S. Rogow, Esq.<br>Bruce S. Rogow, P.A.<br>500 East Broward Boulevard, Suite 1930<br>Fort Lauderdale, FL  33394<br>954-767-8909 |
| COMMENTS: | |
| AUTHORIZATION: | |
| DECLARATION:<br><br>UNDER PENALTIES OF PERJURY I DECLARE THAT I HAVE READ THE FOREGOING VERIFIED RETURN OF SERVICE AND THAT THE FACTS STATED IN IT ARE TRUE.<br><br>NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525(2). | SIGNATURE:<br><br>X _____<br>BARRY EVELAND<br>(Print Name)<br><br>State Service Corporation<br>4030 Powerline Rd.<br>Ft. Lauderdale, FL  33309<br>OUR FILE#: 58682 |

COUNTY LEGAL & NOTARY SERVICE
255 N. MARKET ST., STE. 246
SAN JOSE, CA 95110

UNITED STATES POSTAGE
00.37⁰
PB 3434807
JAN 25 05
MAILED FROM ZIP CODE 95110

155
89309
8899

ABC Cable Networks
3800 W. Alameda Avenue
Burbank, CA 91505-4300

Legal Dept.

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DON KING PRODUCTIONS, INC.,                    CASE NO. 05000524 02
and DON KING,

      Plaintiffs,

vs.

WALT DISNEY COMPANY, INC.,
ABC CABLE NETWORKS, ESPN, INC., and
ADVOCATE COMMUNICATIONS, INC.,
(d/b/a ADVANCED CABLE COMMUNICATIONS),

      Defendants.

_____/

## SUMMONS

TO:   **ABC CABLE NETWORKS**
      **c/o MARSHA L. REED**
      **500 S. Buena Vista Street**
      **Burbank, California 91521-0586**
                    **IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

1



**Bruce S. Rogow, Esq.**
Plaintiffs' Attorney
Bruce Rogow, P.A.
Broward Financial Centre, Suite 1930
500 East Broward Blvd.
Ft. Lauderdale, Florida 33394
Florida Bar No. 067999

**THE STATE OF FLORIDA:**

**TO EACH SHERIFF OF THE STATE:**

    YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on the above named defendant:

    DATED on _____ ~~JAN 1 9 2005~~ 2005.

**HOWARD C. FORMAN**
CLERK OF THE SAID COURT

(SEAL)

~~DOROTHY H. WILKEN~~
As Clerk of the Court

By:_____ BEVERLY WASHINGTON

As Deputy Clerk

TRUE COPY
Circuit Civil

2

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

DON KING PRODUCTIONS, INC.,
and DON KING,

      Plaintiffs,

vs.

WALT DISNEY COMPANY, INC.,
ABC CABLE NETWORKS, ESPN, INC., and
ADVOCATE COMMUNICATIONS, INC.,
(d/b/a ADVANCED CABLE COMMUNICATIONS),

      Defendants.

CASE NO. 05000524 02

_____/

## SUMMONS

TO:  **ADVOCATE COMMUNICATIONS, INC.**
     **d/b/a ADVANCED CABLE COMMUNICATIONS**
     **c/o JAMES J. PAGANO**
     **12409 N.W. 35th Street**
     **Coral Springs, Florida 33065**

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

1



**Bruce S. Rogow, Esq.**
Plaintiffs' Attorney
Bruce Rogow. P.A.
Broward Financial Centre, Suite 1930
500 East Broward Blvd.
Ft. Lauderdale, Florida 33394
Florida Bar No. 067999

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on the above named defendant:

DATED on _____**JAN 19 2005**_____, 2005.

(SEAL)

HOWARD C. FORMAN
CLERK OF THE SAID COURT

DOROTHY WILKEN
As Clerk of the Court

By _____
As Deputy Clerk

2

## CERTIFIED RETURN OF SERVICE

| Insert name of court, judicial district or branch court, if any: | |
|---|---|
| Circuit Court of the 17th Judicial Circuit, Broward County Florida | |

| DEPOSITION/COURT DATE: | CASE NUMBER: |
|---|---|
| | 05-524-02 |

**PLAINTIFF/PETITIONER:**
Don King Productions, Inc. and Don King

**DEFENDANT/RESPONDENT:**
Walt Disney Company, Inc,. et al

**DOCUMENTS SERVED:**
20 Day Summons, Complaint for Damages and Demand for Jury Trial

Received on 01/18/2005 at 4:00 PM to be served on:

Advocate Communications, Inc. d/b/a Advanced Cable Communications c/o James J. Pagano

I do hereby affirm that on 01/20/2005 at 08:25AM I served this process by:

XX CORPORATE SERVICE: By leaving a true copy of this process with the date and hour of service endorsed thereon by me, a copy of the complaint, petition, or other initial pleading or paper (if any) and informing the person of the contents:

NAME: Rick Schelter    TITLE: Manager

_ OTHER: By delivering a true copy of this process to _____, _____ and informing him/her of the contents.

_ NON-SERVICE: For the reason(s) listed in the comments below:

| LOCATION OF SERVICE: | FOR (Client): |
|---|---|
| 12409 NW 35th Street<br>Coral Springs, FL 33065 | Bruce S. Rogow, Esq.<br>Bruce S. Rogow, P.A.<br>500 East Broward Boulevard, Suite 1930<br>Fort Lauderdale, FL 33394<br>954-767-8909 |

| COMMENTS: | |
|---|---|
| | |

**AUTHORIZATION:**
I AM APPOINTED IN GOOD STANDING IN THE JUDICIAL CIRCUIT WHEREIN THIS PROCESS WAS SERVED AND HAVE NO INTEREST IN THE ABOVE ACTION.

| DECLARATION: | SIGNATURE: |
|---|---|
| UNDER PENALTIES OF PERJURY I DECLARE THAT I HAVE READ THE FOREGOING VERIFIED RETURN OF SERVICE AND THAT THE FACTS STATED IN IT ARE TRUE.<br><br>NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525(2). | x _Susan Rosenberg_<br>Susan Rosenberg - Cert/Appt#: 477-Broward County<br>State Service Corporation<br>4030 Powerline Rd.<br>Ft. Lauderdale, FL 33309<br>OUR FILE#: 58683 |

# EXHIBIT C

# EXHIBIT D

## DON KING SUES DISNEY & ESPN

The following press release was distributed at a press conference in New York City attended by attorney Willie Gary and Don King, and a copy of the complaint filed today by Don King Productions.

FOR IMMEDIATE RELEASE: Jan. 12, 2005



LEGENDARY BOXING PROMOTER DON KING SUES DISNEY AND ESPN FOR $2.5 BILLION FOR DEFAMATION AND FALSE LIGHT KING HIRES HIGH PROFILE ATTORNEY WILLIE GARY TO HANDLE SUIT

FT. LAUDERDALE, Fla.-Legendary boxing promoter Don King filed a $2.5 billion lawsuit against corporate giants Disney, ESPN, ABC Cable Networks and Advocate Communications Inc. today for airing a highly defamatory and reckless broadcast against King on Sports Century that also portrays King in a false light.

King's attorney, high-profile trial lawyer Willie Gary, who routinely takes on corporate giants to fight injustice on behalf of his clients said "this case is one of the worst examples of reckless broadcast journalism and blatant disregard for the truth." Gary and his legal team are joined by nationally acclaimed, first amendment expert and trial lawyer, Bruce Rogow of Ft. Lauderdale, Fla.

"Disney, ESPN, and other defendants had a duty to the public to make sure they checked their facts before airing such a defamatory piece against Don King. Sports Century not only falsely portrays Mr. King as a con artist, and a thug, but it published statements that are flat out untrue and could have been easily verified. In America, the press must be held accountable for the truth and accuracy of its publications and broadcasts. When the media publish or broadcast statements that show such reckless disregard for the truth, they must give an account for their actions," Gary added.

The lawsuit also contends that Disney, ESPN, and other defendants broadcast statements that intentionally and recklessly portray Don King in a false light and create an inference and innuendo that King was dishonest and engaged in illegal activities including physically endangering others in order to succeed in his profession.

"I have a lot of respect for freedom of speech and freedom of the press in America. It's a constitutional right. But the press does not have the right to slant and twist the truth to create a negative picture just because it sells. That's not right," said King.

Don King is one of the most internationally recognized boxing promoters in the world. In addition to having promoted some of the world's most memorable championship fights, he has been instrumental in building the careers of boxing legends Muhammad Ali, Joe Frazier, Mike Tyson, and Evander Holyfield, among others. King is also well known for his tremendous generosity and charitable contributions. He established the Don King Foundation, which has donated millions of dollars to worthy causes and organizations. As a longtime supporter of the National Association for the Advancement of Colored People (NAACP), The United Negro College Fund (UNCF), the Simon Wiesenthal Center, the National Hispanic Scholarship Fund, the Wheelchair Charities, the Martin Luther King Jr. Foundation, the FDNY and NYC Department of Homeless Services, among others. His charitable contributions have made him arguably one of the world's leading philanthropists.

Gary, who is best known in the legal circles as the "Giant Killer" in the court room, has built his reputation on defending his clients who have been wronged by corporate America. Gary is perhaps best known as a trial lawyer for his half billion-dollar verdict against Canadian corporate giant, the Lowen Group in 1995. Gary is also no stranger to Disney in the courtroom. He won a $240 million verdict against Disney for Disney's misappropriation of a concept from his client in 2000. Last year Gary also won a landmark case for millions of dollars against media giant Gannett for similar actions as those alleged in Mr. King's lawsuit against Disney and ESPN.

---

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiffs, DON KING PRODUCTIONS, INC., and DON KING, individually, sue Defendants, WALT DISNEY COMPANY, INC., ABC CABLE NETWORKS, ESPN, INC., and ADVOCATE COMMUNICATIONS, INC. (d/b/a ADVANCED CABLE COMMUNICATIONS), and allege

1. This is an action for damages that exceed $15,000.00.
2. At all times material, Plaintiff DON KING PRODUCTIONS, INC., was a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 501 Fairway Drive in the City of Deerfield Beach, Florida.
3. Plaintiff DON KING is a resident of Palm Beach County, Florida. KING is the Chief Executive Officer of DON KING PRODUCTIONS, INC.
4. Upon information and belief, WALT DISNEY COMPANY, INC., is a Delaware corporation, having its principal place of business at 500 South Buena Vista Street, Burbank, California 91521. WALT DISNEY COMPANY, INC., owns and controls ABC CABLE NETWORKS, which is a California corporation, located and doing business at 3800 W. Alameda Avenue, Burbank, California 91505. ABC CABLE NETWORKS, upon information and belief, is a wholly owned subsidiary of WALT DISNEY COMPANY, INC.
5. ABC CABLE NETWORKS owns and controls ESPN, INC., a sports network, which is a Delaware corporation, located and doing business at 935 Middle Street, Bristol, Connecticut 06010. As such, ESPN, INC., is a wholly owned subsidiary of ABC CABLE NETWORKS.
6. ADVOCATE COMMUNICATIONS, INC., is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Broward County, Florida.
7. ADVOCATE COMMUNICATIONS, INC., is a cable and satellite system that broadcasts ESPN through its cable television service to residents in Coral Springs, Florida.

**COUNT I DEFAMATION**
8.Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 -7 above.
9.The Defendants, on May 14, 1002, with malice and/or reckless disregard for the truth, published the following false and defamatory statements about DON KING and DON KING PRODUCTIONS, INC., on the program Sports Century

- (a) That DON KING is a "snake oil salesman, a shameless huckster and worse. Not even the master of hype, P.T. Barnum, had more mischief up his sleeve than fight promoter DON KING . . . .";
- (b) That DON KING "went crazy and he threatened to kill . . . ." Jack Newfield following a press conference;
- (c) That DON KING threatened to break the legs of Larry Holmes, one of King's fighters;
- (d) That DON KING paid Holmes $20,000.00 less than the monetary amount Holmes was entitled to receive;
- (e) That DON KING cheated Meldrick Taylor, another fighter, by only paying Taylor $300,000.00 of the $1,300,000.00 Taylor was entitled to receive for a rematch with Julio Cesar Chavez pursuant to contract;

- (f) That DON KING threatened to have Meldrick Taylor killed;
- (g) That DON KING's involvement with a charity boxing exhibition for Forrest City Hospital resulted in the hospital only receiving $1,500.00 out of the $85,000.00 received in ticket sales;
- (h) That DON KING underpaid Muhammad Ali by $1,200,000.00
- (i) That DON KING lied in order to ensure Greg Page would sign a contractual agreement with King as his romoter by telling Page that prior to his father's death he told King "I want to leave Greg in your hands, Don";
- (j) That DON KING convinced doctors at a hospital to invest in a movie about his life and that King left the hospital two weeks later "with a cashiers check for $250,000.00." Although "[T]he movie never got made" . . . . [T]he doctors never got their money back."

10. The published statements set forth above were false, defamatory, published maliciously and/or with reckless disregard for the truth. Their further broadcast by ADVOCATE COMMUNICATIONS, INC.: Is actionable because ADVOCATE COMMUNICATIONS, INC., failed to exercise due care to prevent the false and defamatory publication of the statements set forth above. As a result, DON KING and DON KING PRODUCTIONS, INC.'s business reputation has been injured and the Plaintiffs have lost contracts, financing opportunities, job opportunities, suffered delay in obtaining job opportunities and have been deprived of profits that would have otherwise been obtainable.

11. In December 2004, Plaintiffs served Defendants with written notices pursuant to Section 770.01 of the Florida Statutes, specifying the statements that were false and defamatory and demanding corrections and a retraction of the above described statements. Defendants have failed to publish corrections and a retraction as of the date of the filing of this Complaint.

12. As a direct and proximate result of the publication of the falsehoods set forth above, the Plaintiffs, DON KING and DON KING PRODUCTIONS, INC., have suffered damages to their reputation and business interests.

WHEREFORE, Plaintiffs request judgment for damages and costs and for such other and further relief as may be just and proper.

## COUNT II DON KING'S FALSE LIGHT INVASION OF PRIVACY

13. Plaintiff, DON KING, hereby incorporates by reference the allegations set forth in paragraphs 1 - 7 above.

14. The Defendants, on May 14, 2004, on Sports Century, published statements that intentionally and recklessly portrayed DON KING in a false light by stating that KING "killed not once but twice"; that he "hunted down" a man and "beat him to death over $600.00"; and that the "United States Attorney's office in New York tried for years to nail King, spent millions of dollars investigating him. They couldn't nail him. He is smarter than everybody else. He's smarter than the prosecutors. He was smarter than Rudy Giuliani."

15. The publication of the facts set forth in paragraph 14 was done with actual knowledge of the false light in which DON KING would be cast and with reckless disregard for the effect the publication would have. ADVOCATE COMMUNICATIONS, INC., failed to exercise due care to prevent the publication of the false light statements.

16. The Defendants, on May 14, 2004, on Sports Century, published statements that intentionally and recklessly portrayed DON KING in a false light by creating an inference and innuendo that DON KING was dishonest and engaged in illegal activities including physically endangering others in order to succeed in his profession. These published statements include • Lou Dibella: "by his con." • Mike Marley: "this guy could sell surfboards in Iowa. . . ." "he's one of the greatest hustlers in the history of the world." • Don Elbaum: "We put together four fighters to box ten rounds in an exhibition. We did $85,000 which was a tremendous amount of money for an exhibition. The hospital got $1,500 out of $85,000.

**Warren Flagg:** "Don didn't get convicted because Don didn't personally do that stuff. He always instructed somebody else to do it."

**Unidentified Male:** "If the partnership gleaned hundreds of millions over the next decade, the split was less than even."

**Unidentified Male:** "Giachetti told me he was calling from a phone booth on the corner, and that he was afraid for his life. He truly believed Don King, through underworld connections, had put out a contract."

**Clarence Rodgers:** "one time a fighter challenged Don to a fight, and Don stood up and was prepared to do it. And then I think in the back of this fighter's mind . . . hey, this man killed somebody, so maybe I better leave him alone."

**Unidentified Male:** "Don King killed not once, but twice. In 1954 it was ruled justifiable homicide when he shot a man who stole the receipts of one of his numbers houses. But 12 years later, when the 34 year old was involved in a second killing, he would face serious consequences." "King believed Sam Garrett owed him $600. King hunted Garrett down in a bar on Cedar Avenue in the middle of the day. He pulled Garrett out of the bar and beat him to death."

As a direct and proximate result of the statements set forth in paragraphs
14 and 16 above, DON KING was cast in a false light and has suffered damage to his right to privacy and his reputation in the community.
WHEREFORE, Plaintiff DON KING requests judgment for damages, costs and for such other and further relief as may be just and proper.

REQUESTED RELIEF (a) For judgment against the Defendants on Count I of Plaintiff's DON KING and DON KING PRODUCTION, INC.'s Complaint for compensatory and all other damages recoverable by law; (b) For judgment against the Defendants on Count II of Plaintiff DON KING's Complaint for compensatory and all other damages recoverable by law; (c) That all costs of this action be taxed against the Defendants; (d) For pre-judgment interest; and (e) Jury trial is demanded.

BRUCE S. ROGOW Fla. Bar No. 067999 CYNTHIA E. HOLLIFIELD Fla. Bar No. 0554812
BRUCE S. ROGOW, P.A.
Broward Financial Centre Suite 1930
500 East Broward Boulevard Fort Lauderdale, Florida 33394 Ph: 954.767.8909 Fax: 954.764.1530 e-mail: bapohl@bellsouth.net and WILLIE E. GARY Fla. Bar No. 187843
GARY, WILLIAMS, PARENTI, FINNEY, LEWIS, MCMANUS, WATSON & SPERANDO, P.L.
221 E. Osceola Street Stuart, Florida 34994 Ph: 772.283.8260 Fax: 772.463.4319
By: _____
BRUCE ROGOW Counsel for Plaintiffs



**BOXING AGENTS ::: MATCHMAKERS**

BACK TO MAIN | NEWS ARCHIVES | CONTACT US | TOP OF PAGE



PROUDLY AUSTRALIAN

 

**navigation**    **headlines**                  Return Home >>

→ Home
→ News Wire
→ Headlines
→ Columns
→ Fighters
→ Fight Odds
→ Schedule
→ Statistics
→ Rankings
→ Ring Girls
→ Photo Gallery
→ Links
→ Online Store
→ Boxing Trivia
→ Mixed Martial Arts
→ Message Boards

**Who is 2004's Fighter of the Year?**

○ Glen Johnson
○ Antonio Tarver
○ Diego Corrales
○ Bernard Hopkins
○ BoxingInsider.com

**Vote!**

Results :: Archive

**BoxingInsider.com Newsletter:**
(Enter to win FREE Larry Holmes autographs & Boxing gear!)

# Press Release: Don King Sues ESPN For 2.5 Billion
Reported By: Boxing Insider - 01.14.2005 03:00 AM

**Arturo Gatti vs Jesse Leija + Ballys Friday Night Boxing - Official Site - Sponsored By Bally's Atlantic City!**

FOR IMMEDIATE RELEASE: Jan. 12, 2005

LEGENDARY BOXING PROMOTER DON KING SUES DISNEY AND ESPN FOR $2.5 BILLION FOR
DEFAMATION AND FALSE LIGHT

KING HIRES HIGH PROFILE ATTORNEY WILLIE GARY TO HANDLE SUIT

FT. LAUDERDALE, Fla.—Legendary boxing promoter Don King filed a $2.5 billion
lawsuit against corporate giants Disney, ESPN, ABC Cable Networks and Advocate Communications Inc. today for airing a highly defamatory and reckless broadcast against King on Sports Century that also portrays King in a false light.

King's attorney, high-profile trial lawyer Willie Gary, who routinely takes on corporate giants to fight injustice on behalf of his clients said "this case is one of the worst examples of reckless broadcast journalism and blatant disregard for the truth." Gary and his legal team are joined by nationally acclaimed, first amendment expert and trial lawyer, Bruce Rogow of Ft. Lauderdale, Fla.

"Disney, ESPN, and other defendants had a duty to the public to make sure they checked their facts before airing such a defamatory piece against Don King. Sports Century not only falsely portrays Mr. King as a con artist, and a thug, but it published statements that are flat out untrue and could have been easily verified. In America, the press must be held accountable for the truth and accuracy of its publications and broadcasts. When the media publish or broadcast statements that show such reckless disregard for the truth, they must give an account for their actions," Gary added.

The lawsuit also contends that Disney, ESPN, and other defendants broadcast statements that intentionally and recklessly portray Don King in a false light and create an inference and innuendo that King was dishonest and engaged in illegal activities including physically endangering others in order to succeed in his profession.

"I have a lot of respect for freedom of speech and freedom of the press in America. It's a constitutional right. But the press does not have the right to slant and twist the truth to create a negative picture just because it sells. That's not right," said King.

Don King is one of the most internationally recognized boxing promoters in the world. In addition to having promoted some of the world's most memorable championship fights, he has been instrumental in building the careers of boxing legends Muhammad Ali, Joe Frazier, Mike Tyson, and Evander Holyfield, among others. King is also well known for his tremendous generosity and charitable contributions. He established the Don King Foundation, which has donated millions of dollars to worthy causes and organizations. As a

   

Credit Car
Bad Credi
Low APR
Airline Cre
Rewards (
Business
Student C

Find
PERF

Partner Si
Lion's De
Wrestling
Cheapbox

longtime supporter of the National Association for the Advancement of
Colored People (NAACP), The United Negro College Fund (UNCF), the Simon
Wiesenthal Center, the National Hispanic Scholarship Fund, the Wheelchair
Charities, the Martin Luther King Jr. Foundation, the FDNY and NYC
Department of Homeless Services, among others. His charitable contributions
have made him arguably one of the world's leading philanthropists.

Gary, who is best known in the legal circles as the "Giant Killer" in the
court room, has built his reputation on defending his clients who have been
wronged by corporate America. Gary is perhaps best known as a trial lawyer
for his half billion-dollar verdict against Canadian corporate giant, the
Lowen Group in 1995. Gary is also no stranger to Disney in the courtroom. He
won a $240 million verdict against Disney for Disney's misappropriation of a
concept from his client in 2000. Last year Gary also won a landmark case for
millions of dollars against media giant Gannett for similar actions as those
alleged in Mr. King's lawsuit against Disney and ESPN.

-30-

For more information contact:

Kori Love
DIRECTOR OF PUBLIC RELATIONS
GARY, WILLIAMS, PARENTI, FINNEY, LEWIS, McMANUS, WATSON &
SPERANDO
Waterside Professional Building
221 E. Osceola St.
Stuart, Florida 34994
(772) 283-8260
kal@williegary.com

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD
COUNTY, FLORIDA

DON KING PRODUCTIONS, INC., CASE NO. _____
and DON KING,

Plaintiffs,

vs.

WALT DISNEY COMPANY, INC.,
ABC CABLE NETWORKS, ESPN, INC., and
ADVOCATE COMMUNICATIONS, INC.,
(d/b/a ADVANCED CABLE COMMUNICATIONS),

Defendants.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs, DON KING PRODUCTIONS, INC., and DON KING, individually, sue
Defendants, WALT DISNEY COMPANY, INC., ABC CABLE NETWORKS, ESPN,
INC., and
ADVOCATE COMMUNICATIONS, INC. (d/b/a ADVANCED CABLE
COMMUNICATIONS), and
allege:
1. This is an action for damages that exceed $15,000.00.
2. At all times material, Plaintiff DON KING PRODUCTIONS, INC., was a
corporation organized and existing under the laws of the State of Delaware,
with its principal place of business located at 501 Fairway Drive in the
City of Deerfield Beach, Florida.
3. Plaintiff DON KING is a resident of Palm Beach County, Florida. KING is
the Chief
Executive Officer of DON KING PRODUCTIONS, INC.
4. Upon information and belief, WALT DISNEY COMPANY, INC., is a Delaware
corporation, having its principal place of business at 500 South Buena Vista

Street, Burbank, California 91521. WALT DISNEY COMPANY, INC., owns and
controls ABC CABLE NETWORKS, which is a California corporation, located and

doing business at 3800 W. Alameda Avenue, Burbank, California 91505. ABC
CABLE NETWORKS, upon information and belief, is a wholly owned subsidiary
of
WALT DISNEY COMPANY, INC.
5. ABC CABLE NETWORKS owns and controls ESPN, INC., a sports network,
which
is a Delaware corporation, located and doing business at 935 Middle Street,
Bristol, Connecticut 06010. As such, ESPN, INC., is a wholly owned
subsidiary of ABC CABLE NETWORKS.
6. ADVOCATE COMMUNICATIONS, INC., is a corporation organized and
existing
under the laws of the State of Florida, with its principal place of business
in Broward County, Florida.
7. ADVOCATE COMMUNICATIONS, INC., is a cable and satellite system that
broadcasts ESPN through its cable television service to residents in Coral
Springs, Florida.

COUNT I

DEFAMATION

8. Plaintiffs hereby incorporate by reference all allegations set forth in
paragraphs 1 –
7 above.
9. The Defendants, on May 14, 1002, with malice and/or reckless disregard
for the
truth, published the following false and defamatory statements about DON
KING and DON KING PRODUCTIONS, INC., on the program Sports Century:
(a) That DON KING is a "snake oil salesman, a shameless huckster and worse.
Not even the master of hype, P.T. Barnum, had more mischief up his sleeve
than fight promoter DON KING . . . .";
(b) That DON KING "went crazy and he threatened to kill . . . ." Jack
Newfield following a press conference;
(c) That DON KING threatened to break the legs of Larry Holmes, one of
King's fighters;
(d) That DON KING paid Holmes $20,000.00 less than the monetary amount
Holmes was entitled to receive;
(e) That DON KING cheated Meldrick Taylor, another fighter, by only paying
Taylor
$300,000.00 of the $1,300,000.00 Taylor was entitled to receive for a
rematch with Julio Cesar Chavez pursuant to contract;
(f) That DON KING threatened to have Meldrick Taylor killed;
(g) That DON KING's involvement with a charity boxing exhibition for Forrest
City Hospital resulted in the hospital only receiving $1,500.00 out of the
$85,000.00 received in ticket sales;
(h) That DON KING underpaid Muhammad Ali by $1,200,000.00;
(i) That DON KING lied in order to ensure Greg Page would sign a contractual
agreement with King as his promoter by telling Page that prior to his
father's death he told King "I want to leave Greg in your hands, Don";
(j) That DON KING convinced doctors at a hospital to invest in a movie about
his life and that King left the hospital two weeks later "with a cashiers
check for $250,000.00." Although "[T]he movie never got made" . . . . [T]he
doctors never got their money back."
10. The published statements set forth above were false, defamatory,
published
maliciously and/or with reckless disregard for the truth. Their further
broadcast by ADVOCATE COMMUNICATIONS, INC.: Is actionable because
ADVOCATE
COMMUNICATIONS, INC., failed to exercise due care to prevent the false and
defamatory publication of the statements set forth above. As a result, DON
KING and DON KING PRODUCTIONS, INC.'s business reputation has been
injured
and the Plaintiffs have lost contracts, financing opportunities, job
opportunities, suffered delay in obtaining job opportunities and have been

deprived of profits that would have otherwise been obtainable.
11. In December 2004, Plaintiffs served Defendants with written notices pursuant to Section 770.01 of the Florida Statutes, specifying the statements that were false and defamatory and demanding corrections and a retraction of the above described statements. Defendants have failed to publish corrections and a retraction as of the date of the filing of this Complaint.

12. As a direct and proximate result of the publication of the falsehoods set forth above,
the Plaintiffs, DON KING and DON KING PRODUCTIONS, INC., have suffered damages to their reputation and business interests.
WHEREFORE, Plaintiffs request judgment for damages and costs and for such other and further relief as may be just and proper.

COUNT II

DON KING'S FALSE LIGHT INVASION OF PRIVACY

13. Plaintiff, DON KING, hereby incorporates by reference the allegations set forth in
paragraphs 1 – 7 above.
14. The Defendants, on May 14, 2004, on Sports Century, published statements that
intentionally and recklessly portrayed DON KING in a false light by stating that KING "killed not once but twice"; that he "hunted down" a man and "beat him to death over $600.00"; and that the "United States Attorney's office in New York tried for years to nail King, spent millions of dollars investigating him. They couldn't nail him. He is smarter than everybody else. He's smarter than the prosecutors. He was smarter than Rudy Giuliani."
15. The publication of the facts set forth in paragraph 14 was done with actual
knowledge of the false light in which DON KING would be cast and with reckless disregard for the effect the publication would have. ADVOCATE COMMUNICATIONS, INC., failed to exercise due care to prevent the publication of the false light statements.
16. The Defendants, on May 14, 2004, on Sports Century, published statements that

intentionally and recklessly portrayed DON KING in a false light by creating an inference and innuendo that DON KING was dishonest and engaged in illegal activities including physically endangering others in order to succeed in his profession. These published statements include:
• Lou Dibella: "by his con."

• Mike Marley: "this guy could sell surfboards in Iowa. . . ." "he's one of the greatest hustlers in the history of the world."

• Don Elbaum: "We put together four fighters to box ten rounds in an exhibition. We did $85,000 which was a tremendous amount of money for an exhibition. The hospital got $1,500 out of $85,000.

• Warren Flagg: "Don didn't get convicted because Don didn't personally do that stuff. He always instructed somebody else to do it."

• Unidentified Male: "If the partnership gleaned hundreds of millions over the next decade, the split was less than even."

• Unidentified Male: "Giachetti told me he was calling from a phone booth on the corner, and that he was afraid for his life. He truly believed Don King, through underworld connections, had put out a contract."

• Clarence Rodgers: "one time a fighter challenged Don to a fight, and Don stood up and was prepared to do it. And then I think in the back of this

fighter's mind . . . hey, this man killed somebody, so maybe I better leave him alone."

• Unidentified Male: "Don King killed not once, but twice. In 1954 it was ruled justifiable homicide when he shot a man who stole the receipts of one of his numbers houses. But 12 years later, when the 34 year old was involved in a second killing, he would face serious consequences."

"King believed Sam Garrett owed him $600. King hunted Garrett down in a bar on Cedar Avenue in the middle of the day. He pulled Garrett out of the bar and beat him to death."

As a direct and proximate result of the statements set forth in paragraphs 14 and 16 above, DON KING was cast in a false light and has suffered damage to his right to privacy and his reputation in the community.
WHEREFORE, Plaintiff DON KING requests judgment for damages, costs and for
such other and further relief as may be just and proper.

REQUESTED RELIEF
(a) For judgment against the Defendants on Count I of Plaintiff's DON KING and DON KING PRODUCTION, INC.'s Complaint for compensatory and all other damages recoverable by law;
(b) For judgment against the Defendants on Count II of Plaintiff DON KING's Complaint for compensatory and all other damages recoverable by law;
(c) That all costs of this action be taxed against the Defendants;
(d) For pre-judgment interest; and
(e) Jury trial is demanded.

BRUCE S. ROGOW
Fla. Bar No. 067999
CYNTHIA E. HOLLIFIELD
Fla. Bar No. 0554812
BRUCE S. ROGOW, P.A.
Broward Financial Centre
Suite 1930
500 East Broward Boulevard
Fort Lauderdale, Florida 33394
Ph: 954.767.8909
Fax: 954.764.1530
e-mail: bapohl@bellsouth.net
and

WILLIE E. GARY
Fla. Bar No. 187843
GARY, WILLIAMS, PARENTI,
FINNEY, LEWIS, MCMANUS,
WATSON & SPERANDO, P.L.
221 E. Osceola Street
Stuart, Florida 34994
Ph: 772.283.8260
Fax: 772.463.4319

By:_____
BRUCE ROGOW

Counsel for Plaintiffs


Return to Boxinginsider.com (>>)


• **Arturo Gatti vs Jesse Leija + Ballys Friday Night Boxing - Official Site - Sponsored By Bally's Atlantic City!**

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

CV-ALTONAGA

DON KING PRODUCTIONS, INC. AND DON KING

**DEFENDANTS**

WALT DISNEY COMPANY, INC., ABC CABLE NETWORKS, ESPN, INC. AND ADVOCATE COMMUNICATIONS,

MAGISTRATE JUDGE
BANDSTRA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

05-60210

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   LOS ANGELES, CALIFORNIA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Bruce Rogow, P.A., Broward Financial Centre, 500 E. Broward Boulevard, Suite 1930, Ft. Lauderdale, Florida, 33394, and Willie E. Gary, Esq., Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, P.L., 221 E. Osceola Street, Stuart, Florida, 34994.

ATTORNEYS (IF KNOWN)
Weil, Gotshal & Manges LLP, Espirito Santo Plaza, 1395 Brickell Avenue, Suite 1200, Miami, FL 33131

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   (BROWARD),   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE   HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:05CV 60210-CA-Bandstra

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Defamation and false light invasion of privacy based on television broadcast about Don King.  This Court has jurisdiction under 28 U.S.C. §§ 1332 and 1441.

LENGTH OF TRIAL via __10__ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P 23

**DEMAND $**
$2,500,000,000+

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
February 9, 2005

SIGNATURE OF ATTORNEY OF RECORD
Christopher Todd J. Pace

FOR OFFICE USE ONLY

RECEIPT # 53035   AMOUNT 25000   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____